*W. C. Achi,* for plaintiffs.

*A. S. Hartwell,* for defendants.

---

## MIYAGAWA *v.* LUCIO FERREIRA.

### APPEAL FROM DISTRICT COURT OF HAMAKUA.

SUBMITTED JUNE 18, 1895.                DECIDED JUNE 20, 1895.

JUDD, C.J., BICKERTON AND FREAR, JJ.

When cultivated land is trespassed on by animals, and damage done to the crops, the owner of the land is not compelled to impound the animals, and is not barred from bringing a suit to recover damages resulting from the trespass. It is optional with the owner of the land either to resort to the impounding law, or bring a suit to recover damages.

OPINION OF THE COURT BY BICKERTON, J.

It appears that the defendant's horse trespassed on the cultivated land of the plaintiff; that stones were thrown at the animal in driving it off the land, resulting in the horse's leg being broken; the owner of the horse brought suit in the District Court of Hamakua, Hawaii, against the plaintiff and recovered $35 damages for the loss of the horse.   The plaintiff brought suit in the same Court against the defendant for $50 damages, resulting from the trespass of the said horse and destruction of crops.

The defendant moved the Court to dismiss the suit, on the ground that the plaintiff should have impounded the animal under Sec. 14, Chap. XXXV, Laws of 1888, which reads as follows: "When any animal or animals are taken up for trespass, the owner, if known, shall be immediately notified, if reasonably practicable, of such fact, and of the amount of damage and trespass fees claimed, and if he shall refuse or fail to pay the legal charges, or in case the owner be unknown, then the animal or animals shall be impounded forthwith," and not having done so, he is barred from bringing this action for damages. The Court sustained this position and dismissed the suit. The plaintiff then appealed to this Court on a point of law as follows:

"Whether plaintiff not having taken up and impounded the animal trespassing, under Sec. 14, Chap. XXXV, Laws of 1888, is barred from bringing an action for damages done to his crops by trespass of the animal of defendant."

We are of the opinion that the plaintiff is in no way barred from bringing this action. It does not appear that plaintiff even arrested the animal; it would seem as though he had tried to drive it off the land and in doing so injured the horse so that it resulted in its death, and he has had to pay for it. Even if the plaintiff had wished to impound the animal, under the statute, it may be that he could not have done so under the circumstances. There might be a number of illustrations given where it would be impossible to apply the impounding statute. To say the person whose land has been trespassed on and crops damaged, has no remedy other than of the impounding law, where circumstances prevent him from acting under it, would be absurd in the extreme. In our opinion it is entirely optional with a person to bring an action for trespass or resort to the impounding law, the statutory remedy being not exclusive of other remedies.

This suit should have been heard by the Magistrate on its merits and a judgment rendered; there was nothing to warrant the Magistrate in dismissing the case.

The case is remanded to the District Court of Hamakua, Hawaii, for hearing on its merits.

*C. Brown*, for plaintiff.

*W. A. Kinney*, for defendant.